UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No. **CV 10-10044-VBF(FFMx)**              Dated: **March 3, 2011**

Title:   Steve McDaniel -*v*- JPMorgan Chase Bank, NA, et al.

---

PRESENT: HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

    Joseph Remigio                         None Present
    Courtroom Deputy                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                None Present

**PROCEEDINGS (IN CHAMBERS):**     **COURT ORDER: (1) GRANTING DEFENDANTS' MOTION TO STAY ACTION PURSUANT TO FIRST-TO-FILE RULE (DKT. #15); (2) INACTIVATING CASE STATISTICALLY**

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing set for March 7, 2011 at 1:30 p.m. is vacated and the matter taken off calendar.

**I. RULING**

The Court has received, read, and considered Defendants JPMorgan Chase Bank, N.A. and Chase Auto Finance Corp.'s Motion to Dismiss or Stay Action Pursuant to First-to-File Rule (dkt. #15); Plaintiff's Opposition (dkt. #16); and Defendants' Reply (dkt. #18).

The Court **GRANTS** Defendants' Motion and **ORDERS** that a stay be issued in this case, pending court approval of a nationwide settlement in an earlier-filed action, *Whalen et. al. v. J.P. Morgan Chase & Co.*, W.D.N.Y. Case No. 01-CV-6492L.

---

MINUTES FORM 90                       Initials of Deputy Clerk   jre
CIVIL - GEN

## II. BACKGROUND

On December 29, 2010, Plaintiff Steve McDaniel filed this action on behalf of himself and individuals employed by Chase as auto loan underwriters. *See* Compl. ¶¶ 10-11 (dkt. #1). Plaintiff alleges a class and collective action under the Fair Labor Standards Act ("FLSA") and California law based on the claim that Defendant Chase misclassified Plaintiff and the class he purports to represent as exempt from overtime. *See id.* ¶¶ 20-32. Plaintiff alleges that the purported class is entitled to unpaid overtime and derivative penalties. *See id.*

Previously, on October 4, 2001, plaintiff Michael Davis filed a putative class action, *Whalen et. al. v. J.P. Morgan Chase & Co.*, W.D.N.Y. Case No. 01-CV-6492L ("*Whalen* action"), alleging a collective action claim under the FLSA and a Rule 23 class action claim under New York law, on behalf of underwriters at Chase. *See* Gonnell Decl., Ex. 1 (*Whalen* Compl. ¶ 7). The *Whalen* plaintiffs claim that Chase misclassified underwriters as exempt from overtime and that they are entitled to unpaid overtime under FLSA and analogous state law. *Id.* ¶¶ 27-29. On July 22 and 23, 2010, the parties in the *Whalen* action participated in a Court-ordered mediation and reached a nationwide settlement that covers the claims of Chase underwriters nationwide. Gonell Decl. (dkt. #15-2) ¶ 8. The *Whalen* parties anticipate that their motion for preliminary approval of the settlement will be filed shortly. *Id.*

In addition to the *Whalen* action, two other actions involving overtime claims for Chase underwriters were filed in March 2010: (1) *Ebert v. JP Morgan Chase & Co.*, S.D. Tex. Case No. 4:10-CV-84 (Gonell Decl., Ex. 2), filed on March 18, 2010; (2) *Pickle v. JP Morgan Chase & Co.*, S.D.N.Y. Case No. 1:10-CV-2791-RJS, filed on March 29, 2010 (Gonell Decl., Ex. 3). Both cases have been stayed pending the *Whalen* settlement. Gonell Decl. ¶ 9.

Additionally, in this district, an action on behalf of another subgroup of underwriters (residential loan underwriters) was filed on May 10, 2010, *Cole v. JP Morgan Chase & Co.*, C.D.C.A. Case No. 10-CV-632. On September 15, 2010, the case was stayed pending the *Whalen* settlement agreement.

## III. ANALYSIS

The Court **GRANTS** Defendants' Motion and **ORDERS** that a stay be issued in this case, pending court approval of a nationwide settlement the *Whalen* action.

Generally, where two actions involve substantially overlapping issues and parties, a district court - in its discretion - may transfer, stay, or dismiss the latter filed action. *See* Schwarzer, et al., Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 2:1329.13 (The Rutter Group 2010); *Alltrade, Inc. v. Unweld Products, Inc.*, 946 F.2d 622, 623, 625, 628 (9th Cir. 1991) (first-to-file rule "should not be disregarded lightly). The underlying purposes of the first-to-file rule are to avoid duplicative litigation and promote judicial efficiency. *See Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006). "[U]nless compelling circumstances justify departure from this rule," the first-filed case "should be permitted to proceed without concern about a conflicting order being issued in the later filed action." *Ward v. Follett Corp.*, 158 F.R.D. 645, 648-50 (N.D. Cal. 1994).

As Defendants set forth, the three factors district courts consider in applying the first-to-file rule support the granting of a stay. *See Bryant v. Oxxford Express, Inc.*, 181 F. Supp. 2d 1045, 1048 (C.D. Cal. 2000) ("(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." (quotations and citations omitted)). This case constitutes the last-filed of five putative collective actions, involving substantially similar legal claims and the same defendant. The actions all involve a dispute between Chase and a putative class of underwriters who allege they were misclassified as exempt from overtime. *See* Gonell Decl., Ex. 1 (putative class alleged in *Whalen* includes "all current and form[er] employees whose primary job duty related to approving loans, evaluating whether to issue loans to individual loan applicants and/or evaluating loan applications . . . .").

Accordingly, the Court **GRANTS** Defendants' Motion and **ORDERS** that a stay be issued in this case, pending court approval of the *Whalen* settlement.

This matter is inactivated statistically. The parties shall submit a request and proposed order when it is appropriate to restore this matter to the Court's active caseload.

**IT IS SO ORDERED.**